IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-MJ-1776-RJ

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>JOSE ANDRES-MATIAS, )<br>)<br>Defendant. ) | ORDER ON PROBABLE CAUSE<br>AND DETENTION |

This matter came before the court for a preliminary hearing regarding the criminal complaint against Defendant and for a hearing on the Government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. Defendant is charged with using a means of identification of another person during and in relation to the false representation of a social security account number in the DHS Form I-9, entitled "Employment Eligibility Verification," in violation of 18 U.S.C. § 1028A(a)(1). [DE-1]. Defendant is also charged with falsely representing a social security account number to have been assigned to him for the purpose of obtaining something of value and for other purposes, in violation of 42 U.S.C. § 408(a)(7)(B). *Id.*

The Government presented the testimony of Chris Brant, an agent with the United Sates Department of Homeland Security ("DHS") - Immigration & Customs Enforcement ("ICE"). Defendant was represented by counsel and presented no evidence. The court also reviewed the pretrial services report, which was prepared by the probation office and provided to the parties in advance of the hearing. The court finds that the credible information presented establishes probable cause to support the charges contained in the criminal complaint. In addition, having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that Defendant be detained pending further

proceedings based on the following principal findings and reasons: (1) the nature of the offenses against Defendant and the strength of the Government's case; (2) Defendant's alleged use of an alias and false identification, (3) the risk of Defendant's non-appearance or flight in light of the threat of deportation evidenced by the government's administrative detainer upon Defendant as well as Defendant's transient lifestyle as described in the pre-trial services report; (4) Defendant's criminal history including pending charges, and (5) other findings and reasons stated in open court.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

So ordered, the 21st day of July 2015.

Robert B. Jones, Jr.,
United States Magistrate Judge